Opinión disidente emitida por el
Juez Asociado Señor Rebollo López,
a la cual se une el Juez Presidente Señor Hernández Denton.
Estamos de acuerdo, y suscribimos la determinación central a la que se llega en la opinión mayoritaria, pág. 862, a los efectos de que “los animales de la [demandada recurrida], señora Colberg —los cincuenta y ocho perros y treinta gatos— causan ruidos y malos olores que afectan a *868 los peticionarios en el disfrute de su hogar, y que represen-tan un estorbo público”. (Enfasis suplido.)
Realmente, no puede ser de otra manera. Resulta, cuando menos, extremadamente difícil imaginar que una cantidad tan excesiva de animales en un vecindario de nuestro país no se convierta en un estorbo público, afec-tando seriamente la tranquilidad y la salud de los vecinos. Ello, sencillamente, no se puede permitir.
Aquí reo se trata del afecto que una persona en particular pueda sentir por los animales y de la necesidad que pueda tener de su compañía, lo cual no sólo es loable, sino que debe ser fomentando en muchas ocasiones. Eso no se cuestiona. Esta situación, sin embargo, trasciende los lin-deros de la razonabilidad.
I
Disentimos por razón de que entendemos que la parte dispositiva de la opinión y sentencia, emitidas por la ma-yoría de los integrantes del Tribunal, no sólo es errónea sino que es inmanejable, creándose úna situación que nunca tendrá fin. Veamos.
Nos dice la Mayoría, en primer término, que la tenencia de cincuenta y ocho perros y treinta gatos, por parte de la señora Colberg, es “irrazonable”, por lo que concluye que dicha situación no puede subsistir. A renglón seguido, sin embargo, nos dice que “no procede ordenar la remoción de todos los animales”. Por último, nos informa la Mayoría que debe proveerse un remedio que le permita a la señora Colberg mantener un “número razonable de animales” que no constituya un estorbo público.
Ahí el problema. Nos preguntamos —lo que tendrá que, igualmente, cuestionarse el juez de instancia— cuál es ese “número razonable” de animales de que habla de Mayoría: ¿cincuenta perros y veinticinco gatos?;, ¿cuarenta y cinco perros y veinte gatos?; ¿cuarenta perros y diecisiete gatos?; *869 ¿treinta y cinco perros y quince gatos?; ¿treinta perros y doce gatos?; ¿veinticinco perros y diez gatos?; ¿veinte pe-rros y siete gatos?; ¿quince perros y cinco gatos?, etc.
Pero, hay más. Procede que nos preguntemos: ¿ cómo se va a llegar a esa determinación? Asumimos que la Mayoría entiende que deberá fijarse, e irse reduciendo poco a poco, el número de perros y gatos. Además, tendrá que fijarse un periodo de tiempo durante el cual ese número de perros y gatos, en específico, permanecerán viviendo en la casa de la señora Colberg, con el propósito de que, luego, el tribunal de instancia celebre una vista, en la cual escuche, nue-vamente, el testimonio de los vecinos y los peritos, para tratar de determinar, nuevamente, si la situación, con ese número particular de perros y gatos, continúa siendo un estorbo público o, por el contrario, ya no lo es. Y así suce-sivamente, nos imaginamos, que se seguirán celebrando vistas ad infinitum con las distintas cantidades de perros y gatos.
Dicho de otra forma, este.es uno de esos casos que ten-drán “vida eterna” ante nuestros tribunales y en el cual las partes tendrán que gastar grandes sumas de dinero en ho-norarios de abogado, tratando de determinar cuál es el “nú-mero de razonable” de perros y gatos, según ordene el Tribunal.
¿Hay que expresar algo más? Nos parece que la conclu-sión, a los efectos de que el curso dispositivo del caso es erróneo e inmanejable, “se cae de la mata por sí sola”?
Es por ello que disentimos.